NOT FOR PUBLICATION                                    (Doc. No. 13)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| HARRY ELWELL, et al., | : | |
| | : | |
| Plaintiff(s), | : | Civil No. 14-2590 (RBK/KMW) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SELECTIVE INSURANCE COMPANY | : | |
| OF AMERICA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiffs Harry Elwell and Bonnie Elwell's

("Plaintiffs") Complaint against Defendant Selective Insurance Company of America

("Defendant") asserting breach of an insurance contract. Currently before the Court is

Defendant's Motion for Partial Summary Judgment (Doc. No. 13). For the reasons stated herein,

Defendant's Motion is **DENIED**.

## I.      BACKGROUND

### A.      Facts

Plaintiffs seek to recover for damage to their property at 40 Bayview Drive, Waretown,

New Jersey 08758 resulting from Hurricane Sandy. Def.'s Statement of Undisputed Material

Facts ("Def.'s SMF") ¶ 1.[1] Plaintiffs' property was insured under a Standard Flood Insurance

Policy ("SFIP") issued by Defendant under the National Flood Insurance Program. *Id.* Plaintiffs

---

[1] To the extent the parties agree on particular facts, the Court will cite Defendant's Statement of
Undisputed Material Facts and Plaintiffs' Counter Statement of Undisputed Material Facts.
Otherwise, the Court will rely on the record for disputed facts.

seek to recover for structural damage sustained to their property. *Id.* ¶ 4. Plaintiffs' expert,

Anthony F. Naccarato, P.E. S.E.C.B., evaluated the property and subsequently provided a report

and deposition testimony. *Id.* ¶ 5. Naccarato's report stated that the property sustained structural

damage caused by "settlement of the sub-soils beneath the foundations for these walls." *Id.* The

report further elaborated that the settlement was due to "soil washout/undermining beneath the

home's spread-type foundations directly and solely caused the by [sic] rising and raging flood

waters produced by Super Storm Sandy."[2] Pl.'s Counter Statement of Undisputed Material Facts

("Pl.'s SMF") ¶ 4. Naccarato reiterated his findings in a deposition, testifying that "[t]here was

clear evidence that portions of this structure had experienced recent settlement due to, in my

opinion, instability of the subsoils caused by floodwaters," Def.'s SMF ¶ 6, and that water above

the soil "wash[ed] out soils beneath . . . the foundations," Pl.'s SMF ¶ 5.

### B.      Procedural History

Plaintiffs filed a Complaint on April 23, 2014 (Doc. No. 1) for breach of contract after

Defendant partially disallowed their insurance claim. Defendant filed the present Motion for

Partial Summary Judgment on February 20, 2015 (Doc. No. 13). On March 13, 2015, the Court

temporarily stayed all pending flood insurance cases against Write Your Own Carriers that

related to Hurricane Sandy (Doc. No. 17). The Temporary Stay was lifted on January 21, 2016

(Doc. No. 29), and Defendant's Motion for Partial Summary Judgment was reinstated on March

4, 2016 (Doc. No. 32).

---

[2] The Court reminds Plaintiffs of the requirements of Local Civil Rule 56.1. The Rule plainly requires the party opposing summary judgment to "address[] each paragraph of the movant's statement, indicating agreement or disagreement." Any material fact not disputed "shall be deemed undisputed for the purposes of the summary judgment motion." Here, Plaintiffs' Counter Statement of Undisputed Material Facts fails to indicate, at any point, agreement or disagreement with the paragraphs in Defendant's Statement. The Court accordingly regards Defendant's Statement as undisputed for purposes of this Motion.

## II.     LEGAL STANDARD

The Court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *First Nat'l Bank of Az. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in its favor. *Id.* at 255; *Matsushita*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The non-moving party must at least put forth probative evidence from which the jury might return a verdict in his favor. *Id.* at 257. Where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the movant is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

3

III.    DISCUSSION

The SFIP is a creature of statute, codified at 44 C.F.R. Pt. 61, App. A (2009). All disputes

arising out of the handling of any claim under a SFIP are governed by the National Flood

Insurance Act of 1968, 42 U.S.C. § 4001 et seq., the regulations promulgated thereunder by the

Federal Emergency Management Agency ("FEMA"), and the federal common law. 44 C.F.R. Pt.

61, App. A(1), Art. IX; *Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 807 (3d Cir. 2005).

FEMA authorizes private companies, known as "Write Your Own" ("WYO") Companies, to

issue SFIPs and adjust SFIP claims. 44 C.F.R. §§ 61.13(f), 62.23; 42 U.S.C. § 4071(a)(1) (2003).

WYO Companies must handle SFIP claims by applying internal company standards in light of

FEMA guidance. *Suopys*, 404 F.3d at 807 (citing 44 C.F.R. § 62.23(i)(1) (2003)).

In order to qualify for benefits under the SFIP, an insured must comply with all of the

SFIP's terms and conditions. 44 C.F.R. Pt. 61, App. A(1), Art. I. An insured must also perfect its

obligations under the SFIP as a prerequisite to bringing an action against a WYO Company to

contest a denial of coverage. 44 C.F.R. Pt. 61, App. A(1), Art. VII(R). The Third Circuit strictly

construes a claimant's obligation to comply with SFIP provisions because any claim paid is a

direct charge to the United States Treasury. *Suopys*, 404 F.3d at 809.

Defendant argues that the loss claimed by Plaintiffs is not covered by the SFIP because

the SFIP does not insure losses caused directly by earth movement. Plaintiffs counter that their

loss resulted from erosion, which is covered. The Court finds that Plaintiffs have proffered

enough evidence of damage resulting from flood-related erosion to survive summary judgment.

The SFIP excludes certain losses from coverage. One of the exclusions is "loss to

property caused directly by earth movement even if the earth movement is caused by flood." 44

C.F.R. Pt. 61, App. A(1), Art. V(C). Earth movement includes earthquakes, landslides, land

4

subsidence, sinkholes, destabilization or movement of land that results from accumulation of

water in subsurface land area, and gradual erosion. *Id.* Another court in this district, as well as

several other circuits, have recognized the earth movement exclusion. *See Plywood Prop. Assocs.*

*v. Nat'l Flood Ins. Program*, 928 F. Supp. 500, 505–06 (D.N.J. 1996); *Wagner v. Dir., Fed.*

*Emergency Mgmt. Agency*, 847 F.2d 515, 522 (9th Cir. 1988); *Sodowski v. Nat'l Flood Ins.*

*Program of Fed. Emergency Mgmt. Agency*, 834 F.2d 653, 657–59 (7th Cir. 1987). The earth

movement exclusion has one exception which is nonetheless covered by the SFIP: "losses from

mudflow and land subsidence as a result of erosion that are specifically covered under our

definition of flood (see II.A.1.c. and II.A.2.)." 44 C.F.R. Pt. 61, App. A(1), Art. V(C). In other

words, the SFIP does not insure a loss from earth movement unless the earth movement results

from mudslide or flood-related erosion. *Plywood Prop. Assocs.*, 928 F. Supp. at 505–06.

The Court finds that a reasonable factfinder could conclude Plaintiffs' property sustained

losses that resulted from flood-related erosion. The SFIP provides that it covers erosion that is

"specifically covered under our definition of flood (see . . . II.A.2.)." 44 C.F.R. Pt. 61, App.

A(1), Art. V(C). Article II(A)(2) in turn defines erosion as "[c]ollapse or subsidence of land

along the shore of a lake or similar body of water as a result of erosion or undermining caused by

waves or currents of water exceeding anticipated cyclical levels that result in a flood as defined

in A.1.a. above." Regulations promulgated by FEMA define flood-related erosion in similar

terms. *See* 44 C.F.R. § 59.1.

This Circuit has not provided an exposition of what elements are required to show flood-

related erosion. The Court will interpret the SFIP based on the well-established principle that

"every exercise of statutory interpretation begins with plain language of the statute itself."

*Idahoan Fresh v. Advantage Produce, Inc.*, 157 F.3d 197, 202 (3d Cir. 1998). Based on a plain

reading of Article II(A)(2), the Court holds that a plaintiff need show four elements to demonstrate flood-related erosion: (1) collapse or subsidence of land, (2) the land is along the shore of a lake or similar body of water, (3) the collapse or subsidence resulted from erosion or undermining caused by waves or currents of water exceeding anticipated cyclical levels, and (4) the waves or currents resulted in a flood as defined in Article II(A)(1)(a). Other circuits have considered these factors when evaluating whether a loss resulted from flood-related erosion, even if those courts did not enunciate a specific test. *See Armstrong v. Fid. Nat. Prop. & Cas. Co.*, No. Civ. G-10-202, 2014 WL 791377, at *2 (S.D. Tex. Feb. 25, 2014) (requiring land be along the shore of a body of water); *Chesapeake Ship Propeller Co. v. Stickney*, 820 F. Supp. 995, 999–1001 (E.D. Va. 1993) (requiring land be on the shore of a body of water and occurrence of a flood); *McAlister v. Dir., Fed. Emergency Mgmt. Agency*, 544 F. Supp. 15, 20 Vt. 1982) (requiring river to have risen beyond normal cyclical levels and occurrence of a flood); *Woodson v. Allstate Ins. Co.*, No. 2:13-cv-21-BO, 2016 WL 2654390, at *5 (E.D.N.C. May 4, 2016), *appeal filed* (finding coverage where the plaintiffs showed subsidence of land, land was on the shore of a body of water, subsidence resulted from undermining caused by waves and an unusually high water level, and a severe storm).

The first factor, collapse or subsidence of land, is not defined in the SFIP or FEMA regulations. Black's Law Dictionary defines subsidence as "[a]ny downward movement of the soil from its natural position; esp., a sinking of soil." Merriam-Webster defines subside as "to sink or fall to the bottom." Plaintiffs' expert testified that damage to their property resulted from soil settlement and destabilization of soil due to floodwaters. The Court is satisfied that soil settlement qualifies as subsidence. Another circuit that has considered the question also found likewise. *See Sodowski*, 834 F.2d at 656 (holding that settlement of the ground from floodwaters

surrounding the foundation "is clearly a type of land subsidence"). Second, the parties do not

dispute the address of Plaintiffs' property. The property is located in Waretown, New Jersey, and

sits on the edge of a bay. As to the third factor, whether waves or unusually high currents of

water caused the subsidence, Plaintiffs show that their expert attributed soil washout and

undermining beneath the property's foundations to Hurricane Sandy. Such evidence is enough

for a reasonable factfinder to conclude that unusually high water levels was the cause of the

subsidence. Lastly, Plaintiffs' expert report described that Hurricane Sandy produced rising and

raging waters, which is sufficient to demonstrate a flood for the purposes of this Motion, and

Defendant does not dispute this factor.

Defendant counters that damage to the structure of Plaintiffs' property resulted from soil

settlement, not erosion, and that soil settlement is excluded from SFIP coverage as earth

movement. The SFIP, however, does not state that flood-related erosion cannot also involve soil

settlement or other earth movement. Indeed, the SFIP presents flood-related erosion as an

exception within the general rule that earth movement is excluded from SFIP coverage —

coverage for flood-related erosion is mentioned at the end of the provision that excludes earth

movement losses, and definitions of both flood-related erosion and earth movement mention

"subsidence." Thus, flood-related erosion as contemplated by the SFIP may very well involve

some movement of the earth; Congress simply made the decision to nonetheless include

coverage of earth movement from flood-related erosion within the SFIP. *See Pecarovich v.*

*Allstate Ins. Co.*, 309 F.3d 652, 655 (9th Cir. 2002) ("As FEMA plainly intended to expand

coverage to include land subsidence when the enumerated conditions are met, the land

movement exclusion cannot bar coverage if the loss also falls within the coverage for land

subsidence"). Simply because damage to Plaintiffs' property resulted from some earth movement

does not take the damage out of the more restrictive category of flood-related erosion that

Congress clearly intended to include within SFIP limits.[3] As such, the Court denies Defendant's

Motion for Partial Summary Judgment.

## IV.   CONCLUSION

For the reasons expressed above, Defendant's Motion for Partial Summary Judgment will

be **DENIED**.


Dated:    10/11/2016                                     s/ Robert B. Kugler

                                                        ROBERT B. KUGLER

                                                        United State District Judge

---

[3] The authorities relied upon by Defendant are not fatal to Plaintiffs' claim. In *Plywood*, the District Court of New Jersey found that the plaintiffs' claim for losses from flood-based erosion survived summary judgment because there was enough evidence their home was on the shore of a body of water. 928 F. Supp. at 506–07. In *Armstrong*, the District of Maryland recognized coverage of flood-related erosion but granted summary judgment because plaintiffs' property was not located along the shoreline. 2014 WL 791377, at *2. Flood-related erosion was not at issue in the other cases cited by Defendant. *See Jacobson v. Metro. Prop. & Cas. Ins. Co.*, 672 F.3d 171, 176 (2d Cir. 2012); *Moffett v. Computer Scis. Corp.*, No. 8:05-cv-01547, 2011 WL 5933188, at *3 (D. Md. Nov. 27, 2011).